1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BO GLENN NORLING,

                Petitioner,

   v.

MELISSA ANDREWJESKI,

                Respondent.

Case No. 3:23-cv-06064-LK-TLF

REPORT AND
RECOMMENDATION

Noted for   **June 6, 2024**

11      Petitioner Bo Glenn Norling, has filed a *pro se* federal habeas petition under 28

12 U.S.C. § 2254, seeking relief from a 2016 state court conviction. Dkt. 4. Having

13 reviewed the parties' pleadings and the record, the Court recommends that the Court

14 should DISMISS the federal habeas petition, Dkt. 4, because it is time-barred; and that

15 a certificate of appealability (COA) should be DENIED.

16                                  <u>BACKGROUND</u>

17       Petitioner is in custody under a state court judgment and sentence imposed for

18 his convictions by guilty plea for rape of a child in the first degree and child molestation

19 in the first degree. Dkt. 10-1 at 2 (Ex. 1). The superior court entered the judgment and

20 sentence on November 28, 2016. *Id.* Petitioner did not file a direct appeal.

21       Petitioner filed a personal restraint petition (PRP) signed on October 30, 2017,

22 and date stamped as filed on November 13, 2017, in the Washington Court of Appeals

23 (Court of Appeals). *Id.* at 16-152 (Exs. 2, 3, 4). The Washington Court of Appeals

24 dismissed the PRP on April 5, 2018. *Id.* at 154-55 (Ex. 5). Petitioner did not seek review

25

by the Washington Supreme Court, and the state court issued the certificate of finality on May 9, 2018. Dkt. 10-1 at 157 (Ex. 6).

Petitioner filed a second PRP signed on May 29, 2023, and date stamped as filed June 9, 2023, in the Court of Appeals. *Id.* at 159-193 (Ex. 7). Petitioner argued the state court violated *Hurtado v. California*, 110 U.S. 516 (1884), and petitioner's right to due process, by not holding a preliminary hearing to determine probable cause when the prosecution used an information to charge petitioner. *Id.* He further argued the claim was not time barred under state law (Revised Code of Washington (RCW) 10.73.090) because the state courts violated *Hurtado* and therefore lacked jurisdiction. *Id.*

On August 10, 2023, the Court of Appeals dismissed the petition as untimely under state law – RCW 10.73.090. *Id.* at 195-97 (Ex. 8). The Court of Appeals concluded petitioner filed his petition well over a year after his judgment and sentence became final, that there was "no requirement that a preliminary hearing be held before the State files an information in superior court to commence a criminal proceeding" and that petitioner's claim the trial court lacked subject matter jurisdiction was without merit. *Id.* Petitioner filed a motion for reconsideration, which the Washington courts treated as a motion for discretionary review. *Id.* at 199-207 (Exs. 9, 10). The Washington Supreme Court denied review, rejecting petitioner's claim on the merits. *Id.* at 209-210 (Ex. 11). Specifically, the Washington Supreme Court found:

> Norling argues that the Thurston County Superior Court lacked jurisdiction because it did not hold a preliminary hearing establishing probable cause before the information was filed. But a preliminary hearing is not required in Washington, and filing an information without one does not violate due process principles. *State v. Ollison*, 68 Wn.2d 65, 68, 411 P.2d 419 (1966). Relying on *Hurtado v. California*, 110 U.S. 516, 4 S. Ct. 111, 28 L. Ed. 232 (1884), Norling argues that due process requires an information to be preceded by a preliminary hearing. But the Court in *Hurtado* held only

that a procedure by which an information is preceded by a preliminary
hearing satisfies due process principles. *Id.*, 110 U.S. at 538. It did not
hold that due process requires such a procedure. The Court later made
clear that in cases where state criminal charges are brought by
information, due process does not require a preliminary hearing
beforehand. *Lem Woon v. Oregon*, 229 U.S. 586, 590, 33 S. Ct. 783, 57 L.
Ed. 1340 (1913).

Dkt. 10-1 at 209 (Ex. 11). The state court issued the certificate of finality on December

13, 2023. *Id.* at 212 (Ex. 12).

Petitioner filed the instant federal *habeas corpus* petition on November 20, 2023.

Dkts. 1, 4. Respondent filed an answer wherein they assert, in part, that the petition is

time-barred by the statute of limitations and should be dismissed with prejudice. Dkt. 9.

Petitioner did not file a response to the answer.

<u>ISSUES RAISED IN HABEAS PETITION</u>

Petitioner presents the following grounds for habeas relief:

(1) The state court violated *Hurtado v. California*, 110 U.S. 516 (1884), and

petitioner's right to due process, by not holding a preliminary hearing when the

prosecution used an information to charge petitioner. Dkt. 4 at 22.

(2) The claim is not time barred under RCW 10.73.090 because the state courts

violated *Hurtado*. *Id.* at 32.

**DISCUSSION**

**A.    Statute of Limitations**

Petitioner's federal habeas petition is barred by the statute of limitations. *See* 28

U.S.C. § 2241 et seq.  Section 2244 sets forth the applicable limitations periods:

(1) A 1-year period of limitation shall apply to an application for a writ of
habeas corpus by a person in custody pursuant to the judgment of a State
court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final either upon the expiration of the time allowed for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Generally, a conviction becomes "final" when the 90-day period for filing a petition for *certiorari* to the Supreme Court expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 565 U.S. 134, 147-154 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001).

As the Supreme Court has explained:

The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, *or in state court*, expires.

*Gonzalez*, 565 U.S. at 150 (emphasis added).

As noted above, under 28 U.S.C. § 2244(d)(2), if during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005). Petitioner "bears the burden of proving that the statute of limitations was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

In petitioner's case, the superior court entered the judgment and sentence on November 28, 2016. Dkt. 10-1 at 2, (Ex. 1). Even assuming petitioner had a right to appeal, petitioner did not file a direct appeal and the time for filing a direct appeal expired thirty days after entry of the judgment and sentence, on December 28, 2016. *See* RAP 5.1 and RAP 5.2. Because petitioner did not file a direct appeal, the judgment and sentence became final on that date (when the time for seeking direct review in the state court expired), and the federal habeas statute of limitations began to run the following day, on December 29, 2016. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (citing *Patterson v. Stewart*, 251 F.3d 1243, 1245–46 (9th Cir.2001) (explaining that time limits under AEDPA are calculated in accordance with the

provisions of Fed.R.Civ.P. 6(a): "In computing any period of time prescribed or allowed by these rules ... or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.").

The statute of limitations then ran until petitioner filed his first PRP which was signed October 30, 2017, and date stamped as filed on November 13, 2017. Even assuming the PRP was filed on the date it was signed, 305 days[1] ran on the statute of limitations before petitioner filed his first PRP – leaving 60 days remaining on the statute of limitations.

The statute of limitations was tolled during the period the first PRP was pending -- until the state court issued the certificate of finality on May 9, 2018. Ex. 6; *see Phongmanivan v. Haynes*, 800 F.App'x 567, 568 (9th Cir. 2020) (concluding federal statute of limitations was tolled from the time petitioner's PRP was filed until the state appellate court issued a certificate of finality). The statute of limitations began to run again the following day, on May 10, 2018, and expired 60 days later on, July 9, 2018. *See Corjasso*, 278 F.3d at 877.

Petitioner filed his second PRP in June 2023. Because the federal habeas statute of limitations had already elapsed when the 2023 PRP was filed, the PRP did not toll or reinitiate the statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Brown v. Curry*, 451 Fed. Appx. 693 (9th Cir. 2011) (finding the petitioner's state habeas corpus

---

[1] The Court notes that respondent calculates this period to be 274 days, but the Court calculates this period to be 305 days. However, even assuming only 274 days ran on the statute, as discussed below, petitioner's federal habeas petition would still be untimely.

petitions, which were filed after the expiration of the statute of limitations and denied as untimely, did not toll the statute). Petitioner filed his federal habeas corpus petition on November 20, 2023, over five years after the federal statute of limitations expired. The federal *habeas corpus* petition is time-barred unless the statute was statutorily or equitably tolled.

Petitioner does not argue that the statute was statutorily tolled – i.e., that it ran from a later date -- due to any of the circumstances outlined in 28 U.S.C. § 2244(D)(1)(B), (C), or (D). Petitioner does not argue (nor does the record before the Court show) that there was an impediment to filing created by state action in violation of the Constitution or laws of the United States, that a constitutional right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that the factual predicate of the claim was discovered at a later date through the exercise of due diligence.

The Court notes that petitioner was aware or should have been aware of the factual basis of his claim -- that no preliminary hearing was conducted prior to his being charged with an information -- at the time of his conviction and sentence. Furthermore, *Hurtado*, which forms the basis of petitioner's claims, is not new law; the opinion of the Court is from 1884. *Hurtado*, 110 U.S. 516.

**B.    Equitable Tolling**

Because petitioner's federal habeas petition is untimely, the Court considers whether there are equitable grounds to toll the statute of limitations. The federal habeas corpus statute of limitations is subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v.*

1    *Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable

2    tolling, a petitioner at the very least must show the extraordinary circumstances "were

3    the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed.

4    App'x. 839, 840 (9th Cir. 2005).

5         Petitioner fails to allege any facts that establish a basis for equitable tolling. As

6    noted above, petitioner was aware or should have been aware of the factual basis of his

7    claim -- that no preliminary hearing was conducted prior to his being charged with an

8    information -- at the time of his conviction and sentence. The mere fact petitioner is not

9    a lawyer or lacks legal sophistication does not establish extraordinary circumstances

10   required for equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.

11   2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an

12   extraordinary circumstance"). Petitioner fails to show he pursued his rights diligently or

13   that an extraordinary circumstance prevented him from filing a timely federal habeas

14   petition.

15        The Court concludes petitioner has failed to show there are equitable grounds to

16   toll the statute of limitations and his federal habeas petition is barred by the 28 U.S.C. §

17   2244 limitations period. [2]

18                          <u>EVIDENTIARY HEARING</u>

19        The decision to hold an evidentiary hearing is committed to the Court's

20   discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must

21   consider whether such a hearing could enable an applicant to prove the petition's

22

23   _____

     [2] Because the Court concludes the federal habeas petition is barred by the statute of limitations, it need
24   not reach respondent's other arguments.

25

REPORT AND RECOMMENDATION - 8

1    factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.*

2    at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the

3    Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563

4    U.S. 170, 181-82 (2011). A hearing is not required if the allegations would not entitle

5    petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the

6    record refutes the applicant's factual allegations or otherwise precludes habeas relief, a

7    district court is not required to hold an evidentiary hearing." *Id.*

8         The Court finds it is not necessary to hold an evidentiary hearing in this case

9    because, as discussed in this Report and Recommendation, the petition may be

10   resolved on the existing state court record, and the claims raised in the petition are time

11   barred.

12                          <u>CERTIFICATE OF APPEALABILITY</u>

13        A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a

14   district court's dismissal of the federal habeas petition only after obtaining a certificate of

15   appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A

16   certificate of appealability may issue . . . only if the [petitioner] has made a substantial

17   showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner

18   satisfies this standard "by demonstrating that jurists of reason could disagree with the

19   district court's resolution of his constitutional claims or that jurists could conclude the

20   issues presented are adequate to deserve encouragement to proceed further." *Miller-El*

21   *v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

22   (2000)).

23

24

25

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes petitioner is not entitled to a certificate of appealability with respect to this petition. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of *habeas corpus* (Dkt. 4) with prejudice. No evidentiary hearing is required and a certificate of appealability should be DENIED. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **June 6, 2024**, as noted in the caption.

Dated this 22nd day of May, 2024.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge