UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BO GLENN NORLING,<br><br>      Petitioner,<br><br> v.<br><br>JACK WARNER,<br><br>      Respondent. | CASE NO. 3:23-cv-06064-LK<br><br>ORDER ADOPTING REPORT & RECOMMENDATION |

  This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke. Dkt. No. 11. The R&R recommends dismissing pro se Petitioner Bo Glenn Norling's federal habeas petition because it is time-barred. *Id.* at 1. Neither party filed objections.

  Mr. Norling is currently confined at the Monroe Correctional Complex ("MCC").[1] In September 2016, Mr. Norling pled guilty in Thurston County Superior Court to one count of rape

---

[1] At the time he filed his federal habeas petition, Mr. Norling was confined at the Coyote Ridge Correctional Center. Dkt. No. 4 at 1. He named the State of Washington as the respondent, *id.* at 1, 16; however, pursuant to the § 2254 rules, the Court directed the Clerk to substitute as respondent Melissa Andrewjeski, the superintendent of Coyote Ridge at the time. Dkt. No. 5 at 1; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as

ORDER ADOPTING REPORT & RECOMMENDATION - 1

of a child in the first degree and one count of child molestation in the first degree. Dkt. No. 10-1 at 2. The state superior court entered the judgment and sentence on November 28, 2016. *Id.* at 2–14. The record reflects that Mr. Norling did not file a direct appeal within 30 days. Dkt. No. 4 at 2–3; Dkt. No. 10-1 at 17; *see also* Dkt. No. 11 at 1, 5.

On November 13, 2017, Mr. Norling filed a personal restraint petition ("PRP") in the Washington State Court of Appeals, which dismissed the PRP on April 5, 2018. Dkt. No. 10-1 at 16–38, 154–55. Mr. Norling did not seek review from the Washington Supreme Court, and the State Court of Appeals certified its decision as final on May 9, 2018. *Id.* at 157.

Mr. Norling filed a second PRP on June 9, 2023, contending that the state superior court violated *Hurtado v. California*, 110 U.S. 516 (1884) and his due process rights by failing to hold a preliminary hearing to determine probable cause when the prosecution used an information to charge him. *Id.* at 159–93. He also maintained that his claims were not time-barred by state law because the superior court violated *Hurtado* and therefore lacked jurisdiction. *Id.* at 175–76. The state court of appeals disagreed, finding his second PRP to be time-barred under state law because (1) he filed his petition well over a year after his judgment and sentence became final on November 28, 2016, (2) there was "no requirement that a preliminary hearing be held before the State files an information in superior court to commence a criminal proceeding," and (3) Mr. Norling's claim that the trial court lacked subject matter jurisdiction was without merit. *Id.* at 195–97; *see also* Wash. Rev. Code § 10.73.090(1) ("No petition or motion for collateral attack on a judgment and

---

respondent the state officer who has custody."); *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that the proper respondent to a habeas petition is the person with "immediate custody" over the petitioner); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (same). During the pendency of these proceedings, however, Mr. Norling was transferred to the Monroe Correctional Complex ("MCC"), *see* Dkt. No. 7, whose superintendent is Jack Warner. *See* Department of Corrections Washington State, Contact Prisons, https://doc.wa.gov/corrections/incarceration/prisons/contact.htm#mcc (last visited June 20, 2024). Accordingly, the Court substitutes as respondent Mr. Norling's current immediate custodian at MCC, Superintendent Warner, pursuant to Federal Rule of Civil Procedure 25(d).

ORDER ADOPTING REPORT & RECOMMENDATION - 2

sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction."). Mr. Norling filed a motion for reconsideration, which the Washington Supreme Court construed as a motion for discretionary review and subsequently denied, rendering the court of appeals' decision final on December 13, 2023. Dkt. No. 10-1 at 206–07, 209–10, 212.

Mr. Norling filed this federal habeas petition on November 20, 2023. Dkt. No. 1. Respondent answered the petition on March 1, 2024, arguing among other things that Mr. Norling's petition is time-barred under the federal statute of limitations for habeas petitions. Dkt. No. 9 at 5–7.

In her R&R, Judge Fricke agreed with Respondent that Mr. Norling's federal habeas petition is time-barred. Dkt. No. 11 at 5–7. Judge Fricke observed that a one-year statute of limitations applies to "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" and, as relevant here, "run[s] from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at 3–4 (quoting 28 U.S.C. § 2244(d)(1)(A)). Judge Fricke concluded that, because Mr. Norling did not file a direct appeal by December 28, 2016, the federal habeas statute of limitations began to run on December 29, 2016. Dkt. No. 11 at 5. The statute of limitations then ran until Mr. Norling filed his first PRP, was tolled during the pendency of that PRP proceeding, and then resumed running on May 10, 2018, the day after the Washington State Court of Appeals issued a certificate of finality. *Id.* at 6; *see also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The statute of limitations then expired on or about July 9, 2018—well before Mr. Norling filed his second PRP in June 2023. Dkt. No. 11 at 6–7.

ORDER ADOPTING REPORT & RECOMMENDATION - 3

Judge Fricke thus concluded that Mr. Norling's federal habeas petition is time-barred unless the statute of limitations was equitably tolled. *Id.* at 7. And because Mr. Norling "was aware or should have been aware of the factual basis of his claim" at the time of his conviction and sentence, and did not assert any grounds for equitable tolling, Judge Fricke determined that there are no equitable grounds to toll the statute of limitations. *Id.* at 8. She also found that holding an evidentiary hearing is unnecessary and recommended denying Mr. Norling a certificate of appealability. *Id.* at 8–10.

The Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). As stated above, neither party objected to Judge Fricke's R&R.

Having reviewed the R&R and the remainder of the record, and in the absence of any objections by Mr. Norling, the Court hereby finds and ORDERS the following:

1. The Court ADOPTS the R&R, Dkt. No. 11.
2. Mr. Norling's petition is DISMISSED with prejudice without an evidentiary hearing.
3. A certificate of appealability is DENIED in this case.

The Clerk is directed to send copies of this Order to Mr. Norling at his last known address and to Judge Fricke.

Dated this 20th day of June, 2024.

Lauren King
United States District Judge

ORDER ADOPTING REPORT & RECOMMENDATION - 4